```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                               NORTHERN DIVISION
_____

GERARDO GONZALES,               )    MEMORANDUM DECISION
                                )
         Petitioner,            )
                                )    Case No. 1:07-CV-162 TS
    v.                          )
                                )
STATE OF UTAH et al.,           )    District Judge Ted Stewart
                                )
         Respondents.           )    Magistrate Judge Paul Warner
_____
```

Petitioner, Gerardo Gonzales, an inmate at Utah State Prison, requests habeas corpus relief.[1]  Because Petitioner filed his petition past the applicable period of limitation, the Court denies him relief.

BACKGROUND

Petitioner's state judgment of conviction for murder, with a five-years-to-life sentence, was entered December 9, 2003.  After the Utah Court of Appeals affirmed, this conviction became final on October 10, 2005--the deadline Petitioner missed for filing a petition for writ of certiorari with the Utah Supreme Court.  Petitioner filed this federal petition on December 14, 2007.

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

ANALYSIS

The statute setting forth the period of limitation for federal habeas petitions reads, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .[2]

The Court follows this direction by calculating the period of limitation, beginning with the date when the conviction became final, October 10, 2005.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3]  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[4]

---

[2] 28 U.S.C.S. § 2244(d)(1)(A) (2008).

[3] *Id.* § 2244(d)(2).

[4] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

## I.  STATUTORY TOLLING

After 319 days of the 365-day federal period of limitation had ticked away, on August 25, 2006, Petitioner petitioned for state post-conviction relief.  The petition was dismissed on September 30, 2006, and no appeal was taken.  Thus, after the thirty-day deadline for appeal, the period of limitation began running again on October 30, 2006, with 46 days left.  It expired on December 15, 2006.  By the time Petitioner filed this federal petition on December 14, 2007, he had exceeded the period of limitation by almost exactly one year.

## II.  EQUITABLE TOLLING

Petitioner excuses his failure to timely file his petition by asserting he lacked access to a law library, legal knowledge, and an adequate prison-contract-attorney system.  He also asserts that--although he barely speaks, and neither reads nor writes, English--the prison did not provide him with legal materials in his language, Spanish.  Based on all this, he argues that the Court should apply equitable tolling to rescue him from the period of limitation's operation.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to

file a petition on time."[5]  Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[6]  And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[7]  Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

### A. Lack of Legal Knowledge

First, Petitioner asserts that his lateness should be overlooked because he lacked a law library, legal knowledge, and had only limited help from prison contract attorneys.  The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling.[8]  Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se

---

[5] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[6] *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citations omitted)).

[7] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

[8] *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

petitioner, generally does not excuse prompt filing.'"[9]  Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"[10]  It follows that Petitioner's contention that prison contract attorneys failed to provide him legal research, allegedly thwarting timely habeas filings, does not toll the period of limitation.[11]  Indeed, Petitioner has shown the ability to timely observe his rights, in both the state direct appeal and post-conviction cases.

## B. Language Barrier

Second, Petitioner justifies his untimely federal petition by explaining that he barely speaks English and has been unable to get legal materials in his language, Spanish.  In a very similar situation in *Yang v. Archuleta*,[12] the Tenth Circuit

---

[9] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[10] *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[11] *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

[12] *See Yang v. Archuleta*, 525 F.3d 925 (10th Cir. 2008).

rejected the petitioner's equitable-tolling argument. Discussing the "extraordinary circumstances" prong, the court observed,

> We do not doubt Yang's need for assistance in understanding the legal process. But such is common for the majority of pro se prisoners, whether or not they have English deficits. Even less surprising is the absence of written notice or law books in Yang's first language. This does not create a state imposed impediment, however, as the . . . Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language. Indeed, Yang does not allege he can read [his preferred language]. Yang's allegations fall far short of the facts needed to demonstrate extraordinary circumstances.[13]

As to the diligent-effort prong, the court pointed out that Yang had not specifically identified "'the steps he took to diligently pursue his federal claims.'"[14] As in *Yang*, Petitioner's conclusory statements about diligently pursuing his rights "will not suffice."[15]

Of interest here, in *Yang*, the Tenth Circuit went on to note, "We have yet to confront a situation where the record has supported a petitioner's claim of a severe language impediment and diligent efforts to overcome his or her impediment. Thus, in

---

[13] *Id.* at 930 (citations omitted).

[14] *Id.* (citation omitted).

[15] *Id.*

no instance have we found a language barrier justifying equitable tolling."[16]

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances or took specific steps to "'diligently pursue his federal claims.'"[17]  Petitioner thus has not established a basis for equitable tolling.

## CONCLUSION

The current petition before the Court was filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that this petition is denied because it is barred by the applicable period of limitation.

DATED this 5th day of March, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16] *Id.* at 930 n.9.

[17] *Id.* at 930 (citation omitted).